UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JS, a minor 17 years of age, by her mother and natural
guardian, LINDA SNYDER, individually and on behalf of
all those other 16 and 17-year-old minors arrested by the
Nassau County Police Department and coerced into entering
and appearing in the Nassau County Adolescent Diversion
Program (ADP) without the statutory protections afforded to
other criminal defendants in the County of Nassau, and
LINDA SNYDER, individually and on behalf of all others
whose cellular phone/electronic devices are seized by law
enforcement officers without a warrant or under exigent
circumstances in Nassau County; et al.

                         Plaintiffs,

           -v-

COUNTY OF NASSAU; MADELINE SINGAS as
NASSAU COUNTY DISTRICT ATTORNEY; PATRICK J.
RYDER as Commissioner of Police, Nassau County Police
Department and the Nassau County Police Department; et al

                       Defendants.
-------------------------------------------------------------------x

Index No.: 2:19-cv-05165


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' AMENDED ORDER TO SHOW CAUSE

**HARRIS BEACH PLLC**
William J. Garry, Esq.
Sandy Milord, Esq.
*Attorneys for Defendants*
*Village of Hempstead Police Department*
*And Village of Hempstead Police Officer*
*Roth, No. 1252*
Village Defendants
333 Earle Ovington Blvd.
Uniondale, New York 11553
(516) 880-8484

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 1

PROCEDURAL HISTORY..................................................................................... 3

ARGUMENT ..................................................................................................... 5

    POINT I - DENIAL OF CLASS CERTIFICATION IS WARRANTED BECAUSE
    PLAINTIFFS FAILED TO SATISFY THE REQUIREMENTS OF FEDERAL RULE 23 (a)  5

        Numerosity ............................................................................................. 5

        Commonality .......................................................................................... 6

        Typicality ............................................................................................... 9

        Adequacy ............................................................................................. 10

    POINT II - DENIAL OF CLASS CERTIFICATION IS WARRANTED BECAUSE
    PLAINTIFFS FAILED TO DEMONSTRATE THAT THE INSTANT ACTION IS
    MAINTAINABLE IN ACCORDANCE WITH FEDERAL RULE 23 (b) ............................. 12

        23 (b)(3)(A) – Class members interests in individually controlling the prosecution or defense
        of separate actions ................................................................................ 13

        23 (b)(3)(B) – The extent and nature of any litigation concerning the controversy already
        commenced by or against members of the class.................................................. 14

        23 (b)(3)(C) – Desirability and undesirability of concentrating the litigation in the particular
        forum ................................................................................................. 14

        23 (b)(3)(D) – Difficulties in Managing Class ................................................. 15

    POINT III - DENIAL OF DECLARATORY JUDGMENT IS NECESSARY AS
    PLAINTIFFS HAVE FAILED TO DEMONSTRATE A JUSTICIABLE CONTROVERSY 15

    POINT IV – PLAINTIFFS' ALLEGATIONS AGAINST THE VILLAGE DEFENDANTS
    ARE INCREDIBLE AND ERRONEOUS AND SHOULD THEREFORE BE
    DISREGARDED................................................................................................ 20

    CONCLUSION.................................................................................................. 21

## TABLE OF AUTHORITIES

Cases

*Abate v. All-City Ins. Co.*,
  214 A.D.2d 627 (1995) ............................................................... 16, 20

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  222 F.3d 52 (2d Cir. 2000) ................................................................. 9

*Callari v. Blackman Plumbing Supply, Inc.*,
  307 F.R.D. 67 (2015) ......................................................................... 9

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) ................................................................. 6

*Continental Ortho, Appliances v. Health Ins. Plan*,
  198 F.R.D. 41 (E.D.N.Y. 2000) ....................................................... 14

*Cuomo v. Long Is. Light. Co.*,
  71 N.Y.2d 349 (1988) ...................................................................... 20

*General Tel. Co. of Southwest v. Falcon*,
  457 U.S. 147 ....................................................................................... 9

*Hargraves v. City of Rye Zoning Board of Appeals*,
  162 A.D.3d 1022 (2018) ................................................... 16, 17, 19

*Haynes v. Planet Automall, Inc.*,
  276 F.R.D. 65 (2011) ................................................................. 11, 15

*In re Nassau County Strip Search Cases*,
  461 F.3d 219 (2d Cir. 2006) ............................................................. 13

*In re NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) ..................................................... 10

*Karvaly v. eBay, Inc.*,
  245 F.R.D. 71 (2007) ................................................................. passim

*Lewis Tree Service v. Lucent Technologies*,
  211 F.R.D. 228 (S.D.N.Y. 2002) ....................................................... 6

*Marisol A. v. Giulani*,
  126 F.3d 372 (2d Cir. 1997) ........................................................ 6, 9

*Matassarin v. Lynch,*
    174 F.3d 549 (5th Cir. 1999) ................................................................. 11

*New York Pub. Interest Research Group [NYPIRG] v. Carey,*
    42 N.Y.2d 527 (1977) ......................................................................... 20

*New York v. Solvent Chem. Co., Inc.,*
    664 F.3d 22 (2d Cir. 2011) ............................................................. 16, 20

*Osarczuk v. Associated Universities, Inc.,*
    82 A.D.3d 853 (2011) ................................................................... passim

*Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    903 F.2d 176 (2d Cir. 1990) ................................................................. 10

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993) ................................................................... 9

*Scaggs v. New York State Dept. of Educ.,*
    CV06-0799RRMWDW 2009 WL 890587 [EDNY Mar. 31, 2009] .............. 6, 11, 12

*Touro Coll. v. Novus Univ. Corp.,*
    146 A.D.3d 679 (2017) ........................................................................ 19

*United States Underwrites Ins. Co. v. Image By J&K, LLC,*
    335 F.Supp.3d 321, 2018 WL 4055298 [EDNY 2018] ........................... 16

*Weitzenberg v. Nassau County Dept. of Recreation & Parks,*
    249 A.D.2d 538 (1998) ................................................................... 8, 14

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 ................................................................................... 16

Statutes
28 U.S.C. § 2201 ................................................................................... 1

Rules

CPLR 3001 .................................................................................... 16, 19
Fed. R. Civ. P. 23(b)(3) ......................................................................... 14
Fed. Rule Civ. Pro. 23(a) or 23(b) ............................................................. 1
Rule 23 (a) .................................................................................... 5, 6

Other Authorities

PL § 240.30 (1A) ................................................................................... 1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the Plaintiffs' Order to Show Cause. Plaintiffs' Order to Show Cause should be denied because Plaintiffs failed to satisfy the requirements for class certification in accordance with Fed. Rule Civ. Pro. 23(a) and/or 23(b). Moreover, Plaintiffs do not have a justiciable controversy and are therefore ineligible for the relief of Declaratory Judgment in accordance with 28 U.S.C. § 2201. Accordingly Plaintiffs' Order to Show Cause should be denied in its entirety.

## STATEMENT OF FACTS

This action arises from an arrest of Plaintiff, J.S. based on a complaint from her ex-boyfriend and named Defendant Brandon G. Chambers. Specifically, Defendant Brandon G. Chambers alleged that on January 28, 2019, J.S. made eight (8) phone calls, from a blocked number, threatening to shoot and kill him. Moreover, Brandon G. Chambers alleged that J.S. also claimed to know his family's home address and threatened to kill them. Further, Mr. Chambers recalled seeing a handgun in J.S.'s apartment in the past, thereby leading him to be in fear of his life and his family's lives.

Following the aforesaid phone calls, Mr. Chambers filed a report with the Village Defendants and requested an arrest of J.S. for the crime of Aggravated Harassment in the second degree pursuant to New York Penal Law § 240.30 (1A).

The Village Defendants then provided the domestic complaint to the Nassau County Police Department, as J.S.'s address, where the alleged crime of Aggravated Harassment was committed, fell under the Nassau County Police Department's jurisdiction.

1

On January 29, 2019 at approximately 2:10 a.m. Nassau County Police Department, Third (3rd) Squad Detectives, Brendan C. Gibbs and Damien E. Suarez located J.S. at her home and placed her under arrest for the crime of Aggravated Harassment in the second degree.

During her arrest, J.S. admitted to Detectives Suarez and Gibbs that she did in fact call Mr. Chambers from a blocked number on her cell phone, but claimed that she did not threaten him.

Upon information and belief, J.S.'s cell phone was seized as evidence of the instrumentality used to carry out the alleged crime of Aggravated Harassment in the second degree. J.S. was then processed and immediately transported to Nassau County, 1st District Court for arraignment. Therein, upon information and belief, J.S. was advised of the Adolescent Diversion Program ("ADP") and submitted to ADP screening in lieu of the normal course of criminal arraignment procedure.

Upon information and belief, J.S., with her mother Linda Snyder's consent, participated in ADP and received a dismissal of her charges upon her successful completion of the program.

## PROCEDURAL HISTORY

On September 11, 2019 Plaintiffs filed a Complaint with exhibits in addition to a proposed Order to Show Cause. Thereafter, counsel for Plaintiffs also appeared for a Show Cause Hearing before the Court, seeking a Preliminary Injunction. Thereat, Plaintiffs' request for a preliminary injunction was denied. However, County Defendants were directed to return J.S.'s cell phone within one (1) week. Thereafter, Plaintiff was instructed to file an Amended Complaint by September 13, 2019.

On September 13, 2019, Plaintiffs filed an amended, unsigned Order to Show Cause with twelve (12) exhibits.

On September 16, 2019 the Court rejected the Plaintiffs' Amended Complaint. At that time the Plaintiffs were again instructed by the Court to refile their Amended Complaint in accordance with Federal Rules of Procedure, Rule 8, "a short and plain statement of the claim[s] showing that the [Plaintiffs are] entitled to relief" and that "[e]ach allegation [] be simple, concise, and direct." Thereafter, Plaintiffs refiled their Amended Order to Show Cause with eleven (11) exhibits as per the Court's instruction. On September 17, 2019 Plaintiffs filed a proposed Summons.

On September 18, 2019 the Court rejected the Plaintiffs' proposed Summons as the caption within the Summons did not match the caption within the Complaint. Subsequently, Plaintiffs resubmitted an Amended proposed Summons in accordance with the Court's instruction.

On September 19, 2019 the Court rejected the Plaintiffs' Amended proposed Summons once more due to Plaintiffs failure to use the same caption as the Complaint.

On September 20, 2019 Plaintiffs, for the fourth (4th) time, filed a proposed Summons in accordance with the Court's instruction.

On September 23, 2019 the proposed Summons was issued via Electronic Filing on all of the named Defendants.

On October 8, 2019, the County Defendants filed a letter motion requesting additional time to answer Plaintiffs' Amended Complaint and file opposition to Plaintiffs' Order to Show Cause from October 11, 2019 to October 25, 2019.

On October 9, 2019 the Village Defendants and Counsel for the Legal Aid Society of Nassau County and N. Scott Banks, Attorney in Chief, filed a letter motion joining in the County Defendants' request for an extension to Answer and Oppose Plaintiffs' Complaint and Order to Show Cause. Thereafter, the Court granted the aforesaid Defendants' requests for an extension from October 11, 2019 to October 25, 2019.

On October 21, 2019 the Plaintiffs filed a motion letter requesting that the Court deny any further requests for extension of time to oppose their Order to Show Cause. Subsequently, counsel for Justice Janet Fiore and Justice Norman St. George filed a motion letter requesting an extension of time to oppose Plaintiffs' Order to Show Cause on account of their inability to obtain the probation records of Plaintiff J.S. that would help support their opposition. Thereafter, the County Defendants filed a motion letter joining in the request for an extension of time to oppose Plaintiffs' Order to Show Cause on account of needing a court order to obtain the same probation records sought by counsel for Justices Fiore and St. George.

On October 22, 2019 counsel for the Legal Aid Society and N. Scott Banks filed a letter motion joining in the aforesaid Defendants' requests for an extension of time to oppose

Plaintiffs' Order to Show Cause. Thereafter, the Court granted Defendants' request for an extension of time from October 25, 2019 to November 25, 2019.

The Village Defendants oppose Plaintiffs' Order to Show Cause seeking class certification and declaratory relief. Plaintiffs' Order to Show Cause should be denied because common questions of law or fact do not predominate over questions affecting individual members. Additionally, Plaintiffs failed to satisfy the pre-requisites of Federal Rule 23 (a) and/or 23 (b). Moreover, this matter lacks any genuine justiciable controversy. Accordingly, Plaintiffs' Order to Show Cause seeking the aforementioned relief should be denied in its entirety.

## ARGUMENT

## POINT I

## DENIAL OF CLASS CERTIFICATION IS WARRANTED BECAUSE PLAINTIFFS FAILED TO SATISFY THE REQUIREMENTS OF FEDERAL RULE 23 (a)

This Court should not grant class certification for either proposed class because the four (4) prerequisites for class certification have not been met. In order to maintain a class action in accordance with Federal Rule 23 (a), the following pre-requisites must be met,

> "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." *Karvaly v. eBay, Inc.*, 245 F.R.D. 71 (2007).

Numerosity:

As provided, according to Federal Rule 23 (a) class certification is permissible only if "the class is so numerous that joinder of all members is impracticable." In the instant matter Plaintiffs allege that they have met the numerosity requirement by asserting that, "while the exact number of class members is unknown…. Plaintiffs believe that there are hundreds, if not thousands, of 16 or 17 year old [putative class members]." *See plaintiffs' Amended Verified*

*Complaint, page 8, ¶ 30.* However, the Plaintiffs have not provided any proof sufficient to show that either the proposed ADP class or Cellphone Class are compromised of at least 40 members as is prescribed by the Second Circuit to support their assertion. See *Karvaly* 245 F.R.D. at 81; *See also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Moreover, Plaintiffs have failed to demonstrate that other members of the proposed classes have suffered the same alleged injuries as they have. *See Scaggs v. New York State Dept. of Educ.*, CV06-0799RRMWDW 2009 WL 890587 [EDNY Mar. 31, 2009] ("The mere fact that there are, or were, presumably more than 40 students enrolled in schools managed by defendant … is not enough to establish numerosity where plaintiffs have failed to demonstrate that even a single one of them suffered the same alleged injuries as plaintiffs.). Accordingly, the Plaintiffs have failed to meet the numerosity prong requirement of Federal Rule 23 (a) and therefore should be denied class certification.

Commonality:

The element of commonality is met "if the plaintiff's grievances share a common question of law or of fact." *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71 (2007) *citing Marisol A. v. Giulani*, 126 F.3d 372, 376 (2d Cir. 1997). As per the court in *Lewis*, "common issues must be expressed with a degree of particularity and specificity in order to satisfy this requirement, because at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality." See *Lewis Tree Serv*ice v. Lucent Technologies, 211 F.R.D. 228, 232 (S.D.N.Y. 2002). The Plaintiffs' papers are devoid of any specificity of the commonality of either questions of law or fact as it relates to all putative members of either the ADP class or Cell Phone class.

In the instant matter Plaintiffs allege that the ongoing practices of the Adolescent Diversion Program ("ADP") violate the proposed class members' right to counsel, right to informed consent prior to the administration of psychological testing and interrogation, and the right to an intelligent and knowing waiver of HIPAA. *See ¶ 1 of plaintiffs' Preliminary Statement within the plaintiffs' Memorandum of Law in Support of the Order to Show Cause.* The Village Defendants contend that the aforementioned allegations are vague conclusory generalizations, made in an effort to satisfy the commonality prong of Federal Rule 23 (a).

Moreover, the Plaintiffs' Order to Show Cause, Memorandum of Law and Exhibits are devoid of any mention of how, if at all, and to what extent the other class members rights have been violated. Aside from J.S.'s specific experience, and the conclusory and self-serving affidavits of Gregg Fishman and the duplicitous affidavit of his wife, Omaida De Jesus, there is no explanation of how the supposed violations have affected the other members of the class. Instead, it is assumed that the other members, which Plaintiffs wish to represent, have suffered the same harm Plaintiffs claimed to have suffered. However, questions that require individual investigations remain, of how, if at all, each member of either class has been adversely affected, and to what extent, if at all, they have been affected. *See Osarczuk v. Associated Universities, Inc.*, 82 A.D.3d 853, 855 (2011). It cannot be assumed that the allegations of the Plaintiffs are common of the class and therefore predominate over questions affecting individual members. Plaintiffs have failed to sustain their burden of establishing how the questions of law or facts are common to the class. *See id.* The conclusory allegations of counsel are insufficient to establish the requirements for class certification. *See Weitzenberg v. Nassau County Dept. of Recreation & Parks*, 249 A.D.2d 538, 539 (1998).

Similar to the Court in *Osarczuk* the liability issue with respect to the Defendants in the instant matter cannot be isolated and treated on a class wide basis. *See Osarczuk v. Associated Universities, Inc.*, 82 A.D.3d 853, 855 (2011). As mentioned prior, individual investigations of class members, more than the two proffered Plaintiffs, would be appropriate in this matter to determine how the other class members, of either proposed class, have been adversely affected, if at all. *See id.* at 540. ("[W]ere this a case where the liability issue could be isolated and treated on a class-wide basis, there might be strong reasons for certifying the proposed class, although the question of damage would necessarily have to be left for individual determination.") It is the Village Defendants' contention that the alleged liability cannot be isolated and treated on a class-wide basis since we do not know whether the alleged experiences of J.S. or D.F.[1] are common to the other members of the proposed classes, aside from the Plaintiffs' conclusory assertions. Under the circumstances presented individualized investigations, proof and determination would need to be made, not only on the complicated questions such as the extent of damage or supposed harm done, if any, over several years to individual ADP participants and the proposed Cell phone class, but as to causation of the harm which cannot be resolved on a class wide basis. *See id.* at 855. The issue of harm done will require individualized determination with respect to each member. Further, even if members of the proposed classes could establish they were harmed, the extent of the damages resulting therefrom is a question requiring individual investigation and separate proof as to each individual claim. Therefore, the predominance of individualized factual questions renders this case unsuitable for class treatment.

Accordingly, in light of the failure to meet the commonality prong required pursuant to Federal Rule 23 (a), this court should deny Plaintiffs' request for class certification in its entirety.

---

[1] D.F. is the ADP participant referenced in the affidavits of Gregg Fishman and his wife Omaida De Jesus.

Typicality:

Under Federal Rule 23 (a) the typicality prong requires "that the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67 (2015). "Typicality is intended to ensure that maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *See Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) *quoting General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13. Typicality is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). "Minor variations in the fact patterns underlying individual claims' does not defeat typicality." *See Robidoux v. Celani*, 987 F.2d at 936. However, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000).

The putative class representatives in the instant matter lack the necessary typicality for class certification. Though Plaintiffs allege that their respective claims are representative of the ADP and Cellphone classes, they fail to demonstrate how said claims arise from the same course of events. Instead they assert the conclusion that their claims arise from the same course of events in an effort to satisfy the requirement without providing anything to support that assertion. As mentioned above, questions that require individual investigations remain, of how, if at all, each member of the class has been adversely affected, and to what extent, if at all, they have been affected. *See Osarczuk v. Associated Universities, Inc.*, 82 A.D.3d 853, 855 (2011).

Moreover, questions surrounding the members' individual circumstances or course of events that gave rise to their respective claims remain. *See id.* It cannot be assumed that the allegations or claims of the Plaintiffs are common of the class.

Moreover, putative representative J.S. has unique defenses specific to her claims against Defendant Brandon G. Chambers. J.S.'s allegations, claims and defense specific to Brandon G. Chambers are not representative of either class and has the potential to become the focus of this litigation, as the sequence of events leading up to this suit arise from a prior relationship and interaction with said Defendant. Accordingly, Plaintiffs have failed to satisfy the typicality requirement of Federal Rule 23 (a) and therefore should be denied class certification.

Adequacy:

In accordance with Federal Rule 23 (a) (4) adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." "The issue of whether the proposed class representative is subject to a unique defense is also relevant to whether he or she will be an adequate representative of the class." *See Gordon v. Sonar Capital Mgmt. LLC*, No. 11-CV-9665 JSR. "A proposed class representative may not satisfy the adequacy prong if his or her case involves problems that 'could become the focus of the cross-examination and unique defenses at trial, to the detriment of the class." *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007). That is because "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *See Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). As offered above, J.S. has a specific set of allegations against Defendant Brandon G. Chambers that underlie the entirety of this action. J.S.'s claims, allegations and potential defenses specific to

Defendant Chambers has a potential to become the focus of this action, which would be irrelevant to either class.

Moreover, underlying the present action is the specific circumstances surrounding J.S and her experience with the ADP program and some of the named Defendants. Because Plaintiffs may have an animus towards Defendants concerning events that are entirely irrelevant to the instant action, they have not demonstrated that they would be adequate representatives who would decide procedural and tactical questions on a wholly objective basis, independent of their own special relationship with Defendants. *See Haynes v. Planet Automall, Inc.*, 276 F.R.D. 65 (2011) *citing Matassarin v. Lynch*, 174 F.3d 549 (5th Cir. 1999) ("named plaintiff's antagonism to defendants prevented her from representing class.). Therefore it is clear that the Plaintiffs are inadequate representatives of the class members of ADP and the Cellphone class. Accordingly, this Court should deny class certification as the Plaintiffs have failed to meet their burden with respect to adequacy of representation.

Furthermore, the Plaintiffs "must also establish that class counsel is "qualified, experienced, and generally able to conduct the litigation." *See Scaggs v. New York State Depart. Of Educ.*, CV06-0799RRMWDW 2009 WL 890587 [EDNY Mar. 31, 2009]. Plaintiffs' counsel has already shown his inability to handle a massive litigation of this size. As provided within the procedural history section of this Memorandum of Law, Pslaintiffs' counsel was ordered by this Court on numerous occasions to refile the Complaint and Order to Show Cause due to counsel's copious errors. That in itself evinces counsel's lack of experience in this area and inability to properly conduct litigation in the instant matter. *See Scaggs* at 6. Counsel's lack of experience in this context is demonstrated by their filing of an Amended Complaint and Amended Order to Show Cause. Further, Counsel has "failed to demonstrate that he has resources to manage a case

of the scope envisioned by" these proposed classes. *See. Id.* Based on the foregoing Plaintiffs and

Counsel have failed to demonstrate that they can adequately represent the proposed classes.

Accordingly, this Court should deny class certification.


## POINT II

## DENIAL OF CLASS CERTIFICATION IS WARRANTED BECAUSE PLAINTIFFS FAILED TO DEMONSTRATE THAT THE INSTANT ACTION IS MAINTAINABLE IN ACCORDANCE WITH FEDERAL RULE 23 (b)

In the event that the pre-requisites of Federal Rule 23 (a) are met, "parties seeking class

certification must show that the action is maintainable under Rule 23 (b) (1), (2) or (3)." *Karvaly*

*v. eBay, Inc.*, 245 F.R.D. 71 (2007). Rule 23 (b) (1) states, "A class action may be maintained if

rule Federal 23 (a) is satisfied and if:

> (1) Prosecuting separate actions by or against individual class members would create risk of: (A) Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) Adjudications with respect to the individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

> (2) The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

> (3) The court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *See Federal Rule 23 (b).*

The applicable prong to the circumstances in the present matter is Federal Rule 23 (b) (3). Plaintiffs also cite Rule 23 (b) (3) as the applicable subsection in the instant matter. *See plaintiffs' Amended Verified Complaint.* Pursuant to Rule 23(b)(3) "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 225 (2d Cir. 2006). "The Second Circuit has held that class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 84 (2007).

23 (b)(3)(A) – Class members' interests in individually controlling the prosecution or defense of separate actions:

As provided earlier, the Plaintiffs in the present matter failed to prove that the proposed classes were sufficiently cohesive to satisfy the commonality requirement of Federal Rule 23(a). Moreover, there is insufficient information proffered by the Plaintiffs to demonstrate that the proposed class members are similarly situated in order to satisfy the predominance prong of Federal Rule 23 (b)(3). *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 84 (2007). Individualized investigations are required to determine whether the proposed class members of either class are in fact similarly situated. *See Osarczuk v. Associated Universities, Inc.*, 82 A.D.3d 853, 855 (2011). At this juncture we simply have the conclusory assertions of Plaintiffs which are insufficient to meet the predominance burden. *See Weitzenberg v. Nassau County Dept. of Recreation & Parks*, 249 A.D.2d 538, 539 (1998). "Where difference in the amount of damages suffered by individual class members may not defeat class certification, where demonstrating the fact of damage requires more individualized proof, courts will decline class certification." *See*

13

*Continental Ortho, Appliances v. Health Ins. Plan*, 198 F.R.D. 41, 45 (E.D.N.Y. 2000). Until individualized investigations of the proposed classes are conducted, Plaintiffs cannot assert that there are common claims or issues of law and/or fact to a majority of the proposed class members. *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 85 (2007). Said assertion is simply speculation. Accordingly, Plaintiffs have failed to satisfy the predominance prong of Federal Rule 23 (b)(3) which warrants denial of certification.

23 (b)(3)(B) – The extent and nature of any litigation concerning the controversy already commenced by or against members of the class:

Prior to the commencement of this action the Plaintiffs filed a CPLR Article 78 Proceeding in the Nassau County, Supreme Court (Index No.: 000599/2019) addressing some of the claims raised in the instant Complaint.  The Article 78 Proceeding was decided by a Decision and Order of Justice Brandveen which denied the Plaintiffs' request to compel the Village Defendants to turn over records concerning the then active and ongoing police investigation of Linda Snyder, J.S. and Defendant Brandon G. Chambers. On October 28, 2019 Plaintiffs filed a Notice of Appeal to the Appellate Division, Second Department seeking the reversal of Justice Brandveen's Decision and Order dated September 27, 2019. Based upon the Plaintiffs' Appeal there is litigation concerning the controversy pending in another Court and as such the Plaintiffs' Order to Show Cause should be denied.

23 (b)(3)(C) – Desirability and undesirability of concentrating the litigation in the particular forum:

The Village Defendants concede that there is no apparent reason why concentrating the Plaintiffs' claims in this forum would be undesirable. Accordingly, 23(b)(3)(C) in the instant matter is not a bar to class certification.

23 (b)(3)(D) – Difficulties in Managing Class:

"In deciding whether to certify a class action, important considerations are the prospective difficulties in managing the controversy in this form." *Haynes v. Planet Automall, Inc.*, 276 F.R.D. 65 (2011). "Perceived administrative issues are pertinent to concluding that a class action is superior to the other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. Pro. 23(b)(3).

In the instant matter, the need for individualized investigations to determine the extent of damages per member if any in either the proposed ADP class or the proposed Cellphone class, is certain to "inflate the costs to the parties and the time and effort required by the court in supervising discovery and trial," which is a strong reason for denying class certification. *See Haynes v. Planet Automall, Inc.*, 276 F.R.D. 65 (2011). Accordingly, based on the foregoing, class certification should be denied.

**POINT III**

**DENIAL OF DECLARATORY JUDGMENT IS NECESSARY AS PLAINTIFFS HAVE FAILED TO DEMONSTRATE A JUSTICIABLE CONTROVERSY**

The Court should deny Plaintiffs' request of Declaratory Judgment in the instant matter. "The Declaratory Judgment Act provides, in pertinent part, that in a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and the other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *United States Underwrites Ins. Co. v. Image By J&K, LLC* 335 F.Supp.3d 321, 329-30, 2018 WL 4055298 [EDNY 2018]. "For the purposes of the Declaratory Judgment Act, actual controversy means whether the facts

alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See United States Underwrites Ins. Co. v. Image By J&K, LLC* at 329.

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants" under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277. 286 (1995). "The Second Circuit instructs district courts to consider certain prudential factors in determining whether to exercise their  discretion to consider declaratory judgement action:

> (1) Whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better or more effective remedy." *New York v. Solvent Chem. Co., Inc.*, 664 F.3d 22, 26 (2d Cir. 2011) *quoting United States Underwrites Ins. Co. v. Image By J&K, LLC* 335 F.Supp.3d 321, 329-30, 2018 WL 4055298 [EDNY 2018].

"It is well-settled that a declaratory judgment is a proper remedy when the record presents a real controversy, involving substantial legal interests, and it is shown that a declaratory judgment would be useful." *Abate v. All-City Ins. Co.*, 214 A.D.2d 627, 629 (1995). Moreover, declaratory judgment "must be supported by the existence of justiciable controversy." *See* CPLR 3001; *see also Hargraves v. City of Rye Zoning Board of Appeals*, 162 A.D.3d 1022, 1024 (2018). "There must be a genuine, concrete dispute between adverse parties, not merely the possibility of hypothetical, contingent, or remote prejudice to the plaintiff." *Id.*

In the instant matter Plaintiffs request the following declaratory relief:

a) Declaring that Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, have a non-delegable duty and obligation to protect the Constitutional, civil, statutory, human and natural rights of all those 16 and 17 years old adolescent minors charged with crimes, and members of Plaintiff class.

b) Declaring that the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, in their regular course of business, under the direction, supervision and control of its executive managers and other management personnel have implemented the Nassau County Adolescent Diversion Program (ADP) without the informed consent or HIPPA release of the adolescent Defendant and their parents and/or legal representatives.

c) Declaring that Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, under the direction, supervision and control of their executive managers and other management personnel since its inception in 2012 made numerous deliberate decision involving the Nassau County Adolescent Diversion Program (ADP), which were the consummation of the decision making process of each Defendant, were not of a merely tentative or interlocutory nature, and constitute final actions and as implemented resulted in denying, abrogating, limiting and improperly restricting the Constitutional, civil, human, stator and natural rights of all those 16 and 17 year old adolescent minors charged with crimes, and members of Plaintiff Class;

d) Declaring that the Defendants, jointly and severally, individually and collectively, maintain a policy of seizing cellular phones, electronic devices and smart phones without a warrant or exigent circumstances from persons as an element of the arrest process;

e) Declaring that the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, maintain a policy of refusing to return cellular phones, electronic devices or smart phones which had seized without a warrant or exigent circumstances at the conclusion of any criminal proceedings involving the owner;

f) Declaring that the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, fail to provide any procedure for return cellular phones, electronic devices or smart phones which had seized phones which had seized without a warrant or exigent circumstances at the conclusion of any criminal proceedings involving the owner;

g) Prohibiting the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, from denying, abrogating, limiting and improperly restricting the Constitutional, civil, human and natural rights of all those 16 and 17-year-old adolescent minors charged with crimes, and members of Plaintiff Class.

h) Directing the Defendants, jointly and severally, individually and collectively, to immediately suspend any further implementation of the Nassau County Adolescent Diversion Program (ADP) without the full and informed consent (inclusive of HIPPA release) of each individual 16 and 17-year-old defendant charged with a crime by and through their natural and/or legal guardian upon advice of counsel prior to any plea of guilty or conviction after trial.

i) Directing that the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, shall immediately return the cellular phones/electronic devices seized from members of the Plaintiff class upon conclusion of any criminal proceedings involving the owner;

j) Ordering that the Defendants, jointly and severally, individually and collectively, return all seized cellular phones, electronic devices and smart phones without a warrant or exigent circumstances after the disposition of a criminal case;

k) Ordering that the Defendants, jointly and severally, individually and collectively, return all seized cellular phones, electronic devices and smart phones without a warrant or exigent circumstances during the pendency of a criminal case;

l) Ordering that the Defendants, jointly and severally, individually and collectively, be allowed a reasonable period of time not exceeding sixty (60) days to make an application for the continued retention or replevin of all seized cellular phones, electronic devices and smart phones without a warrant or exigent circumstances which will be heard by a neutral magistrate in a Court of Competent Jurisdiction allowed to hear such matters;

m) Ordering that the Defendants, jointly and severally, individually and collectively, to the extent their several interests shall appear under the circumstances, in their regular course of business, under the direction, supervision and control of its executive managers and other management personnel that have implemented the Nassau County Adolescent Diversion Program (ADP) without the informed consent or HIPPA release of the adolescent Defendant and their parents and/or legal representatives immediately destroy all psychological examinations, testing and information obtained from the Adolescent offenders or obtain HIPPA releases within ___ days from the Adolescent parents or the Adolescents who have reached the age of majority; *See Plaintiffs' Amended Order to Show Cause.*

In the instant matter, the proposed representative Plaintiffs allege that all Defendants contributed to the seizing of cellular phones/electronic devices without a warrant, without due process or any mechanism for the return of such devices and that the proposed class members have the constitutional right to said property. *See ¶ 3 of the preliminary statement within the*

18

*plaintiffs' Memorandum of Law in Support of the Order to Show Cause.* Further, it is alleged that based on the aforesaid, the Defendants jointly, severally, individually and collectively violated the proposed class members' civil, constitutional and human rights. *See id.*

The evidence proffered by the Plaintiffs is devoid of any explanation, other than the brief description of their own experience, and allged facts surrounding the seizure of other class members' cellular phones or electronic devices. *See Touro Coll. v. Novus Univ. Corp.*, 146 A.D.3d 679 (2017) ("a declaratory judgment is intended "to declare the respective legal rights of the parties based on a given set of facts, not to declare findings of fact.") Moreover, as it relates to the proposed ADP class, the proposed representative Plaintiffs fail to explain the facts surrounding the other members experiences with ADP, if they were harmed and to what extent. Aside for the proposed representative Plaintiffs own set of facts we do not have a set of facts common to the proposed class members which is why individual investigations are necessary. *See id; see also Osarczuk v. Associated Universities, Inc.*, 82 A.D.3d 853, 855 (2011). In the absence of facts of the circumstances of other class members, the Court cannot declare the respective legal rights of the parties, which is the intention of declaratory judgment. *See Touro Coll. v. Novus Univ. Corp.*, 146 A.D.3d 679 (2017). The declaration of rights is based on a given set of facts, which is lacking in the instant matter. *See id.*

Moreover, aside from the proposed representative Plaintiffs' experiences, said Plaintiffs have not presented a concrete, actual controversy, where it concerns the proposed "Cellphone" or "ADP" class, for adjudication. *See CPLR 3001; see also Cuomo v. Long Is. Light. Co.*, 71 N.Y.2d 349 (1988). Aside from the proposed representatives own circumstance, said Plaintiffs have failed to show how the requested declarations would be useful. *See Abate v. All-City Ins. Co.*, 214 A.D.2d 627, 629 (1995). "[]…thus the courts may not issue judicial decisions that "can

have no immediate effect and may never resolve anything." *See Cuomo v. Long Is. Light. Co.*, citing *New York Pub. Interest Research Group [NYPIRG] v. Carey*, 42 N.Y.2d 527 (1977). "This rule not only prevents dissipation of judicial resources, but more importantly, it prevents devaluation of the force of judicial decrees which decide concrete disputes. *See Cuomo v. Long Is. Light. Co.*, 71 N.Y.2d 349 (1988).

In accordance with the ruling in *New York v. Solvent Chem. Co.*, granting Plaintiffs relief would not clarify any legal issues and would only serve to adjudicate the matter without allowing for the respective parties to make their case. Further, to grant such relief would infringe upon New York State sovereignty in implementing and maintaining programs such as the Adolescent Diversion Program. Moreover, said judgment would not serve to finalize the contention between the parties, as individualized investigations would still be necessary to determine the validity of many of the assertions made within each request for declaratory judgment. Said investigations would far exceed declaratory judgment rendering "finality" impossible at this juncture.

Based on the foregoing, this Court should deny Plaintiffs' request for declaratory judgment as they have failed to present a genuine justiciable controversy warranting such relief.

## POINT IV

### PLAINTIFFS' ALLEGATIONS AGAINST THE VILLAGE DEFENDANTS ARE INCREDIBLE AND ERRONEOUS AND SHOULD THEREFORE BE DISREGARDED

The Village Defendants played a limited role in the instant matter, none of which rise to the level of involvement alleged in the underlying Amended Complaint as evinced by the limited documentation from the Village Defendants. The Plaintiffs' allegations are erroneous, conclusory and unfounded. Accordingly, the Court should give no credence to the allegations against the Village Defendants.

20

## **CONCLUSION**

Based on the foregoing it is clear that this Court should deny the Plaintiffs' Order To Show Cause in its entirety.

**WHEREFORE**, Defendants respectfully request that the Court deny Plaintiffs' Order To Show Cause seeking Class Certification and Declaratory judgment in its entirety, together with such other and further relief as the Court deems just, proper and equitable.

Dated: November 22, 2019
      Uniondale, New York

                               **HARRIS BEACH PLLC**

                               By: William J. Garry, Esq.
                               *Attorneys for Defendants*
                               Village Defendants
                               OMNI Building, Suite 901
                               333 Earle Ovington Blvd.
                               Uniondale, New York 11553
                               (516) 880-848