UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JS, a minor 17 years of age, by her mother and natural guardian, LINDA SNYDER, individually and on behalf of all those other 16 and 17-year-old minors arrested by the Nassau County Police Department and coerced into entering and appearing in the Nassau County Adolescent Diversion Program (ADP) without the statutory protections afforded to other criminal defendants in the County of Nassau, and LINDA SNYDER, individually and on behalf of all others whose cellular phone/electronic devices are seized by law enforcement officers without a warrant or under exigent circumstances in Nassau County;
LINDA SNYDER, individually and on behalf of all those other persons in Nassau County and whose cellular phones and smart phones had seized but have not yet been returned although no circumstances exist which might justify law enforcement officials in retaining those devices; and J.S., a minor, LINDA SNYDER, individually and on behalf of all the parents of those 16 and 17-year-old minors arrested by the Nassau County Police Department and coerced into entering the Nassau County Adolescent Diversion Program (ADP) who underwent psychological examination and questioning by the NASSAU COUNTY PROBATION DEPARTMENT without informed consent, the presence of an attorney or HIPPA release and from whom information was disseminated to the Nassau County District Attorney's Office; and

                            Plaintiffs,

      -v-

COUNTY OF NASSAU; MADELINE SINGAS as NASSAU COUNTY DISTRICT ATTORNEY; PATRICK J. RYDER as Commissioner of Police, Nassau County Police Department and the Nassau County Police Department; Nassau County Police Detective Damien Saurez #8794, Nassau County Police Detective Brendan C Gibbs (#8774) individually and in their official capacity; Nassau County Police Officers John and Jane Doe #1-10, individually and in their official capacity; and Hempstead Police Officers John And Jane Doe #1-10, individually and in their official capacity as officers of the Village of Hempstead Police Department, Hempstead Police Officer Roth No. 1252,

Index No.: 19-cv-5165

**ANSWER**

(JS)(AKT)

individually and in his official capacity; and the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT; JOHN PLACKIS, as DIRECTOR OF PROBATION, and NASSAU COUNTY DEPARTMENT OF PROBATION, N. SCOTT BANKS as ATTORNEY IN CHIEF, LEGAL AID SOCIETY OF NASSAU COUNTY; HON. JANET DiFIORE as CHIEF JUDICIAL OFFICER OF THE STATE OF NEW YORK and Chief Judge of the Court of Appeals; HON. NORMAN ST. GEORGE, District Administrative Judge, County of Nassau in their representative capacities as the administrative and procedural managers and supervisors of THE UNIFIED COURT SYSTEM OF THE 10TH JUDICIAL DISTRICT; MARY McCORMICK, as C.E.O. of CENTER FOR COURT INNOVATION FUND FOR THE CITY OF NEW YORK and the CENTER FOR COURT INNOVATION, and BRANDON CHAMBERS,

                              Defendants.
-----------------------------------------------------------------x

Defendants, HEMPSTEAD POLICE OFFICERS JOHN AND JANE DOE #1-10, individually and in their official capacity as officers of the Village of Hempstead Police Department, HEMPSTEAD POLICE OFFICER ROTH No. 1252, individually and in his offici9al capacity; and the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT (hereinafter "Village Defendants"), by their attorneys, Harris Beach PLLC, answer the Plaintiff's Amended Complaint (hereinafter "Amended Complaint") as follows:

### ANSWERING JURISDICTION AND VENUE

1.    Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "1," "2" and "3" of the Amended Complaint.

2.    Deny each and every allegation set forth in paragraph "4" of the Amended Complaint.

3.    Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph "5" of the Amended Complaint.

## ADMINISTRATIVE REMEDIES

4. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "6," "7" and "8" of the Amended Complaint.

## THE REPRESENTATIVE PLAINTIFFS

5. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "9" and "10" of the Amended Complaint.

6. Deny each and every allegation set forth in paragraphs "11," "12," "13," "14" and "15" of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "16" and "17" of the Amended Complaint.

8. Deny each and every allegation set forth in paragraphs "18," "19," "20," "21," "22," "23" and "24" of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

9. Deny each and every allegation set forth in paragraphs "25," "26," "27" and "28" of the Amended Complaint.

## CERTIFICATION UNDER RULE 23(A)

10. Deny each and every allegation set forth in paragraphs "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47" and "48" of the Amended Complaint.

## THE DEFENDANTS

11. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "50," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61" and "62" of the Amended Complaint.

## THE ADOLESCENT DIVERSION PROGRAM

12. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "63," "64" and "65" of the Amended Complaint.

## THE YOUTH ASSESSMENT SCREENING INSTRUMENT (YASI

13. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "66," "67," "68," "69" and "70" of the Amended Complaint.

## NASSAU DISTRICT COURT PRACTICE

14. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "71," "72," "73," "74" and "75" of the Amended Complaint.

## THE CLASS CONSTITUTIONAL CLAIMS

15. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "76," "77," "78," "79," "80," "81," "82," "83," "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," "94" "95," "96," "97" and "98" of the Amended Complaint.

## DECLARATORY CLAIMS

16. Deny each and every allegation set forth in paragraphs "99," "100," "101," "102," "103," "104," "105," "106," "107," "108," "109" and "110" of the Amended Complaint.

## INDIVIDUAL CLAIMS BROUGHT ON BEHALF OF THE INDIVIDUAL PLAINTIFFS AND NOT CLASS CLAIMS

17. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "111," "112" and "113" of the Amended Complaint.

18. Deny each and every allegation set forth in paragraphs "114," "115," "116," "117" and "118"of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "119" and "120" of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraphs "121," "122," "123" and "124" of the Amended Complaint.

## PENDENT JURISDICTION

21. Deny each and every allegation set forth in paragraphs "125," "126," "127" "128," "129," "130" and "131" of the Amended Complaint.

## DAMAGES

22. Deny each and every allegation set forth in paragraphs "132" and "133" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Plaintiffs' Amended Complaint fails to set forth valid causes of action against these answering Defendants upon which the relief sought can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. No compensable damages have been sufficiently stated in the Plaintiff's Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiffs are barred from recovery by reason that whatever damages were sustained by the Plaintiff at the time and place alleged in the Amended Complaint were solely the result of their own acts, conduct, negligence, and omissions and not the result of any acts on the part of the Village Defendants or its agents and/or employees.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. The claims asserted in the Plaintiffs' Amended Complaint are barred by the doctrine of estoppel and laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. The claims asserted in the Plaintiff's Amended Complaint are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. Plaintiffs have failed to comply with the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Village Defendants deny any and all allegations of liability in the Amended Complaint, however, any injuries and/or damages allegedly sustained by the Plaintiffs, to the extent the Plaintiffs may be able to prove said injuries and/or damages, were caused by the acts and/or omissions of third parties over which the Village Defendants do not have control

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

30. . Plaintiffs have failed to comply with the Notice requirement of New York General Municipal Law § 50-e and is thereby barred from maintaining this action against the Village Defendants.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

31. Plaintiffs' causes of action for violation of civil rights under 42 U.S.C. § 1983 – for Miranda Considerations, Right to Counsel, Equal Protection, Due Process, Unlawful Seizure, Violation of HIPPA, Violation of Fourth Amendment and Violation of Fifth Amendment are without merit as to Village Defendants who did not participate in any of the claimed actions.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

32. Plaintiffs have failed to satisfy the requirements of Federal Rule 23 for class certification.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. Plaintiffs' Amended Complaint fails to set forth facts to justify that they are entitled to declaratory relief against these answering Defendants.

## CROSS-CLAIM AGAINST THE CO-DEFENDANTS

34. In the event that the Village Defendants are found liable for damages in this action, such liability will have been caused or contributed to, in whole or in part, by the acts, omissions, negligence, and/or culpable conduct of the Co-Defendants.

35. In the event Village Defendants are found to be liable to the Plaintiffs for damages, they will be entitled to indemnification and/or contribution over and against the Co-Defendants, including, but not limited to, attorneys' fees and costs.

**WHEREFORE**, the Village Defendants demand judgment dismissing the Plaintiffs' Amended Complaint in its entirety, judgment against the Co-Defendants on its Cross Claims and, together with such other and further relief as this Court deems just, proper and equitable.

Dated: November 22, 2019
Uniondale, New York

HARRIS BEACH PLLC

_____
William J. Garry, Esq.
*Attorneys for Defendants*
Hempstead Police Officers John and Jane Doe
#1-10, Hempstead Police Officer Roth No. 1252,
and Village of Hempstead Police Department
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
(516) 880-8484

To: **The Law Offices of Cory H. Morris**
*Attorney for Plaintiffs*
135 Pinelawn Road, Suite 250S
Melville, New York 11747
(631) 450-2515

**County Attorney's Office Litigation Appeals Bureau**
Pablo A. Fernandez, Esq.
*Attorneys for Defendant- County of Nassau*
One West Street
Mineola, New York 11501
(516) 571-5775

**Vigorito, Barker, Patterson, Nichols & Porter LLP**
*Attorneys for Defendant – N. Scott Banks as Attorney in Chief, Legal Aid Society of Nassau County*
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355

**Office of the New York State Attorney General**
Lori L. Pack, Esq.
*Attorneys for Defendants – Hon. Janet DiFiore, and Hon Norman St. George*
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
(631) 231-2177

**Rutherford & Christie, LLP**
*Attorneys for Defendant – Mary McCormick*, C.E.O of
Center for Court Innovation Fund for the City of
New York and the Center for Court Innovation
David Scott Rutherford
800 Third Avenue, 9th Floor
New York, NY 10022
(212) 599-5799

## ATTORNEY VERIFICATION

STATE OF NEW YORK        }

COUNTY OF NASSAU         } ss.:

William J. Garry, the undersigned, an attorney duly admitted to practice before the Courts of this State, respectfully shows that he is a member of the firm Harris Beach PLLC, the attorneys of record for the Village Defendants, Hempstead Police Officers John and Jane Doe #1-10, Hempstead Police Officer Roth No. 1252 and Village of Hempstead Police Department, herein; that he has read the foregoing Answer and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and to those matters he believes them to be true.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are based upon the records of Defendants in my possession.

The undersigned affirms that the foregoing statements are true under penalty of perjury.

Dated: November 22, 2019
Uniondale, New York

_____
William J. Garry, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    Index No. 19 CV 05165

---

J.S., a minor 17 years of age, by her mother and natural guardian, Linda Snyder, individually and in behalf of all those other 16 and 17 year old minors arrested by the Nassau County Police Department et al.,

                                          *Plaintiffs*,

-against-

COUNTY OF NASSAU, MADELINE SINGAS as Nassau County District Attorney, PATRICK RYDER, as Commissioner of Police, Nassau County Police Department, et al.,

                                          *Defendants*.

---

### ANSWER

---

**HARRIS BEACH PLLC**
*William J. Garry, Esq.*
333 Earle Ovington Blvd, Suite 901
Uniondale, NY 11553
**Attorneys for Defendants**
*Hempstead Police Officers John and Jane Doe #1-10, individually
And in their official capacity as officers of the Village of Hempstead
Police Department, Hempstead Police Officer Roth No. 1252, individually and in his official capacity,
and the Village of Hempstead Police Department*
Tel: (516) 880-8484

---

To Attorney(s) for                                    Certified Pursuant to Rule 130-1.1-a

                                                                                                                _____
                                                                                                                William J. Garry, Attorney

---

Service of a copy of the within                                    is hereby admitted.
Dated:

      Attorney(s) for                                                      ……………………………..

---

### PLEASE TAKE NOTICE

☐ **Notice of Entry**    *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on                    2019*

☐ **Notice of Settlement**    *that an Order of which the within is a true copy will be presented for settlement to the Honorable                   , one of the judges of the within named Court, at                    on                    2019, at    m.*

Dated: