

*Via* ECF Filing Only

April 15, 2021

Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   re: *J.S, by Linda Snyder, et al.* v. *Nassau County*     2:19-cv-05165
   **Discontinuing litigation**

Dear Judge Brown:

We reviewed and discussed your decision and opinion in this matter with our clients Jordan Snyder and her mother Linda Snyder. They decided not to pursue the action any further because of potential embarrassment to Jordan Snyder as she moves forward to rebuild her life after the events from which this action arose. Our clients wish to thank the Court for allowing the release of her cellular phone after the dismissal of the criminal charges.

However, our clients have asked us to express to you their profound disappointment in what they believe are inaccurate and incorrect statements of fact upon which you relied to reach your decision and they ask that you revise your opinion accordingly.

While Jordan Snyder was still a minor, her mother, Linda Snyder, attempted to file complaints alleging statutory rape among other criminal charges against Brandon Chambers, a convicted felon.

Linda Snyder attempted to file those complaints with the Nassau County Police Department and the Nassau County Family Court both of which refused to accept her filings. Nevertheless, you reprimanded her in your decision by stating that she had not made any attempt to file complaints against Brandon Chambers for his sexual predation upon Jordan Snyder while she was a minor. Linda Snyder is upset

Please send all mail to:    135 Pinelawn Road, Suite 250s, Melville NY 11747
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

because you ignored her affidavit with respect to these claims and charges or in the alternative refused to believe her and accepting hearsay evidence based upon the statements of a convicted felon and sexual predator.

Jordan Snyder, now an adult, and Linda Snyder are each upset because you held in your decision that the minor Jordan Snyder had successfully completed the Nassau County Adolescent Diversion Program (ADP) and as a result of completing that program the criminal case against Jordan Snyder was dismissed. The fact is that the criminal case against Jordon Snyder was dismissed because the prosecution could not establish a prima facie case against the infant Jordan Snyder based on any substantial credible evidence other than the unsubstantiated claim of the convicted felon Brandon Chambers who was being held within the Nassau County Correctional Center throughout the proceedings against Jordan Snyder yet was never produced for trial, although being prosecuted by the same Nassau County District Attorney's office.

Our clients have asked us to advise you of their position with the plea that you modify your opinion to correct these two misstatements of fact. In any event our clients do not intend to proceed any further with their action.

Thank you for your consideration of the concerns of our clients.

> s/ *Victor John Yannacone, jr.* /s
> *of counsel*
> vyannacone@yannalaw.com
> 516–551–0764
>
> THE LAW OFFICE OF CORY H. MORRIS
> *Attorneys for the Plaintiffs*

VJYjr:y